JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOSEPH MARCONI

### DEFENDANTS
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff: Bucks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam S. Barrist, Esq., 215-432-8829
P.O. Box 1820, Media, PA 19063

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §1332
Brief description of cause:
Motor vehicle collision in Bristol Township, PA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ In excess of $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/30/2025
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOSEPH MARCONI | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : | NO. |
| Defendant. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.         ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                     ( x )

| 12/30/2025 | _[signature]_ | JOSEPH MARCONI |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-432-8829 | 267-247-3098 | abarrist@barristfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Bristol Township, PA

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? — Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? — Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? — Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? — Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. — Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **see certification below**
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☒ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.                *[signature]*

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MARCONI<br>3769 Orchard Avenue<br>Bensalem, PA 19020<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY<br>One State Farm Plaza<br>Bloomington, IL 61710<br><br>Defendant. | : CIVIL ACTION<br>:<br>: No._____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT**

Plaintiff, Joseph Marconi ("Mr. Marconi" or "Plaintiff"), through his undersigned attorney, brings the following Complaint against the above-captioned Defendant.

## **PARTIES**

1. Plaintiff is an adult individual, citizen, resident and domiciliary of the Commonwealth of Pennsylvania, with a home address of 3769 Orchard Avenue, Bensalem, PA 19020.

2. Defendant, State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant"), is, upon information and belief, a corporation, partnership or other business entity with a place of incorporation of, principal place of business and citizenship of One State Farm Plaza, Bloomington, IL 61710.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred pursuant to 28 U.S.C §1332 as Plaintiff is a citizen, resident and domiciliary of the Commonwealth of Pennsylvania and Defendant is a corporation, partnership or other business entity with a place of incorporation, principal place of business of and citizenship of the State of Illinois.

4. There is, therefore, complete diversity between all Plaintiffs and all Defendants.

5. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, fees and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the personal injuries that are the subject of this litigation occurred in Bucks County, PA, within this District.

## FACTS

7. On October 20, 2024, Mr. Marconi was severely injured when Joao Silva ("Mr. Silva") negligently struck Mr. Marconi's vehicle from behind while he was traveling straight on Levittown Parkway at the intersection with New Falls Road in Bristol Township, PA.

8. Mr. Silva/his vehicle were insured by Progressive Insurance at the time of the collision.

9. Mr. Marconi's first-party auto policy through State Farm policy (under which he is either a named insured or an intended third party beneficiary), (Policy # 298 5958-D31-38G) carries an Underinsured Motorist ("UIM") limit of $100,000.00/$300,000.00, stacked times at least two (2) vehicles. A true and correct copy of the State Farm Insurance Declarations Page is attached hereto, incorporated herein and marked as Exhibit "A."

10. Prior to the institution of this suit, Mr. Marconi accepted an offer of a full tender of Mr. Silva's third-party bodily injury insurance limits through Progressive Insurance.

2

11. Such third-party resolution was expressly sanctioned/approved by State Farm, for the purposes of Mr. Marconi maintaining all of his rights to pursue an underinsured motorist claim, as set forth below. A true and correct copy of the November 20, 2025 letter from State Farm, approving of the underlying third-party bodily injury settlement, is attached hereto, incorporated herein, and marked as Exhibit "B."

12. Mr. Marconi was neither charged nor deemed at fault for his role in the subject collision.

13. Following an investigation by the Bristol Township Police Department, Mr. Silva was deemed at-fault in causing the subject collision and was charged with a violation of 75 Pa.C.S.A.§3361.

14. Such violent collision caused Mr. Marconi to **a)** sustain the permanent injuries described below, that have caused his body to not heal or function normally with further medical treatment; and **b)** suffer significant financial harm.

15. As the direct and proximate cause of Mr. Silva's negligence as stated above, Mr. Marconi has suffered severe permanent physical injury and financial loss.

16. The injuries that Mr. Marconi has sustained are permanent in nature. Mr. Marconi has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of his natural life.

17. As a further result of the above negligent acts committed by Mr. Silva, Mr. Marconi has incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

18. In addition, Mr. Marconi has suffered other economic injury and will likely continue to suffer such economic injury.

19. Mr. Silva operated his vehicle in such a careless and/or negligent manner as to have caused the aforesaid collision to occur.

20. Mr. Silva had a duty to Mr. Marconi to not operate his vehicle in such a careless and/or negligent manner.

21. Mr. Silva breached said duty, as set forth below.

22. As a direct and proximate result of the aforesaid acts, omissions, carelessness, and/or negligence on the part of Mr. Silva, Mr. Marconi suffered severe personal injuries; has been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, has been and will be in the future required to expend great sums of money for medical services; has been and will be in the future prevented from attending to his regular activities, duties and responsibilities; has been and will in the future be made to suffer lost earnings and other pecuniary loss.

23. The aforesaid accident was caused by the negligence and/or carelessness of Mr. Silva, because he:

    a. Failed to keep his vehicle under control at all relevant times;

    b. Was driving at an excessive speed under the circumstances;

    c. Violated the Assured Clear Distance Ahead Rule;

    d. Disregarded traffic signals and signs;

    e. Failed to keep a proper lookout;

    f. Violently struck Plaintiff's vehicle from behind;

    g. Was driving in distracted fashion;

    h. Caused a violent collision to take place; and

    i. Otherwise failed to exercise due care under the circumstances.

24. As the result of the above-referenced accident, Mr. Marconi suffered painful and serious

injuries, including, but not limited to:

   a. disc herniations at L4-L5 and L5-S1;

   b. radiculopathy;

   c. cervicalgia;

   d. nerve damage throughout his body;

   e. strains, sprains, disc bulges and disc herniations throughout his body, the extent of which is presently unknown;

   f. torn ligaments and tendons throughout his body, the extent of which is presently unknown;

   g. head injuries, the extent of which is presently unknown; and

   h. emotional harm, the extent of which is presently unknown.

25. As a result of such accident, Mr. Marconi has incurred medical expenses and will continue to incur said medical expenses for an indefinite time into the future.

26. As a result of such accident, Mr. Marconi suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

27. As a further result of such accident, Mr. Marconi has suffered and will continue to suffer a loss of life's pleasures.

## COUNT ONE – BREACH OF CONTRACT

28. Plaintiff incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

29. In accordance with the policy of insurance (Policy # 298 5958-D31-38G), which Mr. Marconi and State Farm entered into, for valuable consideration, either directly, or as an intended third-party beneficiary, Mr. Marconi made a claim for benefits under the policy at issue.

30. State Farm improperly and unjustifiably attempted to deny benefits due and/or failed to timely pay benefits due under the policy.

31. State Farm misrepresented and deliberately under-evaluated Mr. Marconi's UIM claim.

32. State Farm has refused and failed to pay the reasonable value of Mr. Marconi's UIM claim.

33. State Farm has wrongfully withheld benefits owed to Mr. Marconi pursuant to the policy.

34. State Farm did so by knowingly evaluating its financial interests above the interests of its insured.

35. As a further consequence of State Farm's breach of the Insurance Policy, State Farm has been unjustifiably enriched to the detriment of Mr. Marconi.

36. As a further consequence of State Farm's breach of the Insurance Policy, Mr. Marconi has suffered losses, including but not limited to loss of use of benefits payable.

37. The actions of State Farm described in this Complaint represent a breach of contract.

38. As a result of State Farm's actions as described, they breached their obligation of good faith and fair dealing.

39. Mr. Marconi had been damaged in a sum not yet fully determined, but in any event to be proved at the time of trial.

40. Mr. Marconi is not in possession of the subject contract governing his insurance coverage with State Farm and is therefore unable to attach it to this Complaint. However, State Farm is in possession of the same and is on notice of the contractual provisions that Mr. Marconi alleges have been breached.

**WHEREFORE**, Plaintiff, Joseph Marconi, demands judgment against the Defendant, State Farm, in an amount in excess of $150,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

                                      **THE BARRIST FIRM, LLC**

                                      */s/ Adam S. Barrist*

                                      Adam S. Barrist, Esq.
                                      THE BARRIST FIRM, LLC
                                      P.O. Box 1820
                                      Media, PA 19063

                                      Attorney for Plaintiff

Date:  December 30, 2025

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MARCONI<br>3769 Orchard Avenue<br>Bensalem, PA 19020<br><br>       Plaintiff,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY<br>One State Farm Plaza<br>Bloomington, IL 61710<br><br>       Defendant. | CIVIL ACTION<br><br>No._____ |

## **JURY DEMAND**

Plaintiff, Joseph Marconi, hereby demands a trial by twelve (12) jurors.

                                              Respectfully submitted,

                                              **THE BARRIST FIRM, LLC**

                                              Adam S. Barrist, Esq.
                                              THE BARRIST FIRM, LLC
                                              P.O. Box 1820
                                              Media, PA 19063

                                              Attorney for Plaintiff

Date: December 30, 2025